UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
PAUL SHARGANI,　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:　**ORDER GRANTING IN PART**
　　　　　　　　　　　　　　　　　　　　　　　　　　:　**AND DENYING IN PART**
　　　　　　　　　　　Plaintiff,　　　　　　　　　　:　**MOTION TO AMEND AND**
　　　　　　　　　　　　　　　　　　　　　　　　　　:　**MOTION TO DISMISS**
　　-against-　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:　21 Civ. 337 (AKH)
　　　　　　　　　　　　　　　　　　　　　　　　　　:
NEW YORK CITY DEPARTMENT OF　　　　　　　　:
ENVIRONMENTAL PROTETION, et al.,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　　　　　　:
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

　　　　　Plaintiff, a Jewish man of Iranian descent, filed this suit alleging that he was subject to a hostile work environment, suffered discrimination, and was subject to retaliation because he is Iranian. Plaintiff now seeks to amend his complaint for the second time. Defendants oppose that request and have moved to dismiss the Amended Complaint. For the reasons that follow, Plaintiff's motion to amend is granted with respect to his discrimination and hostile work environment claims, but denied as to his retaliation claims. The motion to dismiss is denied as to the discrimination claims (Counts I, III, and V), but granted as to the retaliation claims (Counts II, IV, and VI).

## BACKGROUND[1]

　　　　　Plaintiff is Paul Shargani, a Jewish man of Iranian descent who is an employee of the New York City Department of Environmental Protection (DEP). Defendants are the City of

---

[1] I assume familiarity with the factual background of this case and the parties' arguments. The following discusses only the facts necessary to resolve the pending motions.

1

New York and, for the non-federal claims, Plaintiff's supervisor, Denis Delaney.[2] Shargani works for the DEP as a Supervisor of Field Operations. He alleges that, over the course of the past twenty years, his supervisor Denis Delaney subjected him to discrimination and created a hostile work environment, particularly through verbal abuse. Specifically, Shargani alleges that Delaney has made comments such as "I'm going to make sure that Iranian Mother Fucker doesn't get promoted" [sic], asked Shargani how he feels "about the Taliban," and chanted "Iranian, Iranian, Iranian" to disparage Shargani. Proposed Am. Compl. ¶¶ 3, 36, 37.

Shargani also alleges that in January 2019 he complained to Human Resources (HR) after an encounter with Delaney, but that HR did not conduct a "good faith investigation." *Id.* ¶ 46. In September 2019, Shargani filed an EEOC complaint and received a right to sue letter in October 2020. Shargani further alleges that, in retaliation for filing the EEOC complaint, Delaney transferred Shargani and his colleagues from the "Jerome Avenue Yard" worksite to the "Zerega Avenue Yard" worksite, which added approximately an hour per day to Shargani's commute. Delaney also allegedly ordered a change in Shargani's 2020 annual review rating from "very good" to "good."

Plaintiff filed his suit on January 14, 2021. On July 12, 2021 Defendants moved to dismiss the complaint. Two weeks later, rather than filing an opposition to the motion, Plaintiff filed the First Amended Complaint (FAC). On October 8, 2021, Defendant moved to dismiss the FAC. Rather than opposing that motion, Plaintiff moved to amend and sought leave to file a Second Amended Complaint (SAC) and submitted a Proposed SAC with that motion. Defendant then filed its opposition to the motion to amend on January 31, 2022, primarily arguing that allowing Plaintiff to amend a second time would be futile because even the

---

[2] The DEP was named as a defendant in Plaintiff's initial Complaint, but was dropped from the First Amended Complaint and Proposed Second Amended Complaint.

2

Proposed SAC could not survive a motion to dismiss. Pending now are Plaintiff's motion to amend and Defendant's motion to dismiss.

## DISCUSSION

Leave to amend a complaint may be denied when amendment would be futile. *Jackson v. Wells Fargo Home Mortgage*, 811 Fed.Appx. 27, 30 (2d Cir. 2020); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Whether amending a complaint is futile typically depends on whether the proposed amended complaint states a claim. *See A.V.E.L.A., Inc. v. Estate of Marilyn Monroe*, 34 F. Sup. 3d 311, 319 (S.D.N.Y. 2014).

In evaluating the sufficiency of a complaint under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the nonmoving party's favor. *Patane v. Clark*, 503 F.3d 106, 111 (2d Cir. 2007). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### I. DISCRIMINATION & HOSTILE WORK ENVIRONMENT

Plaintiff seeks to amend the First Amended Complaint to remove time-barred allegations and recontextualize his allegations of discrimination and retaliation. Defendants oppose, arguing that any amendment would be futile. Because Plaintiff's proposed Second Amended Complaint adequately alleges discrimination—albeit narrowly— Plaintiff's motion to amend the complaint is granted and the motion to dismiss is denied as to Counts I, III, and V.

#### A. Disparate Treatment

At this stage, Plaintiff has satisfied his burden to show that he was subject to discrimination in violation of Title VII, as well as the NYSHRL and NYCHRL. At the pleadings

3

stage, a Plaintiff in an employment discrimination case has a "minimal burden" to allege facts "suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015). To adequately allege disparate treatment, "a plaintiff must allege that the employer took adverse action against [him] at least in part for a discriminatory reason, and [he] may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).

Here, Shargani has alleged only two possible adverse employment actions: his transfer to the Zarega Avenue Yard and the unexplained change in his 2020 evaluation. Generally, an adverse action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). Defendants argue that a transfer resulting in a longer commute is a "mere inconvenience" that does not amount to an adverse employment action. *See Taylor v. N.Y. City Dep't of Educ.*, 2012 WL 5989874, at *10 (E.D.N.Y. Nov. 30, 2012). However, whether the transfer was in fact "more disruptive than a mere inconvenience" is a question of fact that I am not able to resolve this early in the case. *See Terry v. Ashcroft*, 336 F.3d 128, 145 (2d Cir. 2003) (noting that a reasonable trier of fact could conclude that a "much more taxing commute" could constitute an adverse employment action); *Feingold v. New York*, 366 F.3d 138, 151 n.10 (2d Cir. 2004).

**B.  Hostile Work Environment**

Shargani adequately alleges a hostile work environment claim under Title VII. To make such a claim, a plaintiff must allege that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn*,

4

795 F.3d 297, 320–21 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Although mere "isolated incidents" of hostility may not constitute a hostile work environment, *Fleming v. MaxMara USA, Inc.*, 371 Fed.Appx. 115, 118 (2d Cir. 2010), Shargani alleges that Delaney visited his worksite once a week and engaged in intimidating behavior. That behavior included screaming at Shargani and calling attention to Shargani's Iranian heritage when disparaging him.

Additionally, Shargani's allegations of past discrimination, "even if they do not independently constitute adverse employment actions, provide 'relevant background evidence' by shedding light on Defendant's motivation and thus bolster his claim that Defendants treated him differently because of his ethnicity." *Vega*, 801 F.3d at 88 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002)). At this stage of the litigation, those allegations are sufficient to state a hostile work environment claim. *See Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).

Because Plaintiff's Title VII claims survive the motion to dismiss, his claims under the NYSHRL and NYCHRL do as well. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir.2009) (claims under the NYCHRL are analyzed "more liberally" than under Title VII).

## II. RETALIATION

### A. Federal Claim Procedural Bar

Shargani did not exhaust administrative remedies with respect to the retaliation claims. The EEOC complaint Shargani filed did not raise any of his bases for alleged retaliation, including his transfer to a new worksite or the change in his performance review rating. Because he failed to raise those claims, the retaliation claim under Title VII is procedurally barred. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 83 (2d Cir. 2001).

**B.      Substance of Retaliation Claim**

Even if Shargani's retaliation claim were not procedurally barred, his allegations are insufficient to state a claim for retaliation. To state a Title VII claim for retaliation at this stage of litigation, a Plaintiff must allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 316 (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)).

Here, Plaintiff satisfies the first and potentially third elements. However, Shargani makes no allegation that Delaney actually knew of his EEOC complaint made in September 2019, and only conclusorily asserts the transfer and performance review change were in retaliation for filing the EEOC complaint. The Proposed SAC does not cure that deficiency, which Defendants raised in the motion to dismiss the First Amended Complaint. Additionally, Shargani makes no allegations as to a causal connection between his protected activity and the alleged adverse action. The Proposed SAC makes no allegations as to the timing of the transfer, and the change in his performance review allegedly occurred in May 2020, nearly eight months after he filed his EEOC complaint. *See Altieri v. Albany Public Library,* 172 Fed. App'x 331, 333 (2d Cir. 2006) (concluding temporal gap of many months could not support a causal connection in a retaliation claim facing a motion to dismiss); *Taylor*, 2012 WL 5989874, at *11.

Finally, because Shargani alleges that his colleagues were also transferred to the Zarega Avenue Yard, there is only an attenuated basis for establishing the causation element of a retaliation claim. *See Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001). The same rationale applies to Shargani's retaliation claims under the NYSHRL and NYCHRL. *See Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015). Even under the more liberal

6

standard of the NYCHRL, Shargani has not sufficiently alleged retaliation. The motion to dismiss the retaliation claims in Counts II, IV, and VI is granted.

## CONCLUSION

Plaintiff's motion to amend the Complaint a second time is granted with respect to his claims of discrimination and denied with respect to his retaliation claims. For the same reasons, Defendants' motion to dismiss is denied as to Counts I, III, and V and granted as to Counts II, IV, and VI. Plaintiff shall file a Second Amended Complaint that excludes his retaliation claims by April 15, 2022. Defendants shall file an Answer by May 6, 2022. The initial case management conference will be held on May 20, 2022 at 10:00 a.m.

The Clerk shall terminate ECF Nos. 29 and 36.

SO ORDERED.

Dated:  April 7, 2022
       New York, New York

ALVIN K. HELLERSTEIN
United States District Judge