

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Karen K. Rhau
Labor and Employment Law Division
Phone: 212-356-2475
krhau@law.nyc.gov

January 23, 2023

*[Handwritten note: Counsel shall proceed in regular fashion. A conference is not required. 1-24-23 /s/ AKH]*

**BY ECF AND BY FAX**

Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

Re: <u>Paul Shargani v. City of New York, et al.</u>
21-cv-00337 (AKH)

Dear Judge Hellerstein:

      I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, reassigned as attorney for Defendant City of New York in the above-referenced case.[1] I write pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York Section 37.2, to request a pre-motion discovery conference. Although Defendant is aware of Your Honor's Individual Rule 2.B permitting counsel the ability to file motions without permission, Plaintiff is pro se and may need instruction from the court to proceed with his case. The deadline to submit fact discovery in this matter is January 30, 2023.

      Plaintiff Paul Shargani, who identifies as an Iranian Jewish man, brings this action against the City of New York and Dennis Delaney, contending that they discriminated against him and harassed him during the course of his employment with the New York City Department of Environmental Protection on the basis on his race, national origin, and religion in violation of 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), New York State Executive Law §§ 290, *et seq.* ("SHRL") and New York City Administrative Code §§ 8-101, *et seq.* ("CHRL"). On September

---

[1] Upon information and belief, individually named Defendant Dennis Delaney has not been served with a copy of the summons and complaint in this matter. No appearance is being made on his behalf at this time.

30, 2022, this Court granted opposing counsel's motion to withdraw as attorney. See ECF Dkt. No. 59. This case is scheduled for a status conference for February 3, 2023 at 10:00 a.m. See ECF Dkt. No. 66.

Plaintiff's former counsel was served with Defendant City's Initial Disclosures, Interrogatories, and Requests for Production on July 8, 2022. Defendant City's production bearing bates stamp numbers DEF_0001-DEF_0032 was also served. A follow-up letter and email, both with Defendant City's Initial Disclosures, Interrogatories, Requests for Production, and Defendant City's production was sent to Plaintiff on November 29, 2022. On December 15, 2022, a letter and email requesting the Plaintiff's responses and documentation by December 19, 2022 was sent to Plaintiff. On December 19, 2022, I called Plaintiff to follow-up regarding his responses and Plaintiff indicated that he has consulted with a firm, specifically Shegerian & Associates, and he had expected an answer as to whether or not they would take his case by January 10, 2023. Plaintiff had also provided the contact information of this firm to me. It was also apparent from my discussion with Plaintiff that he was having challenges in figuring out how to respond to the discovery requests and being able to use a computer.

On or about January 10, 2023, I followed up with Plaintiff to find out whether the firm with which he consulted has decided to take on his case. Plaintiff informed me that the firm needed additional time and they would contact him at a later date. Around this same time, Plaintiff (through the help of a relative) sent me over 400 pages of documents by email but without any written responses to Defendant City's discovery requests and without indicating which document(s) responded to which discovery requests. I confirmed with Plaintiff that I was in receipt of these documents but he could not confirm with me whether or not they were in response to Defendant's Interrogatories or Requests for Production. The documents were not bate stamped and did not respond to Defendant's interrogatories or document requests. Responsive documents are needed before proceeding with Plaintiff's deposition.

On or about January 19, 2023, I followed up again with Plaintiff to find out whether he has retained counsel. Plaintiff explained that he is still waiting for an answer from a representative at Shegerian & Associates and he is not speaking with any other firm. I also informed Plaintiff that the documents that he sent to me were not responsive to Defendant's document requests or interrogatories, and we are still waiting for his responses to Defendant's Interrogatories and Document Requests. Plaintiff indicated that the documents he sent were all he has on the case and expressed some confusion as to how he could respond to Defendants Interrogatories and Document Requests. Plaintiff has also not provided Defendant with discovery requests, initial disclosures, or interrogatories. On or about the same aforementioned date, I followed-up with Shegerian & Associates. I was told by the Director of Operations that they have already informed Plaintiff of their decision about whether or not they will take his case, and that they do not currently represent him.

Based on the foregoing, Defendant requests a pre-motion conference, so the Court can inform Plaintiff of his options, and instruct him as to his discovery responsibilities moving forward in this case.

Thank you for your consideration of this request.

Respectfully submitted,

/s/ *Karen K. Rhau*
Karen K. Rhau
Assistant Corporation Counsel

cc: Paul Shargani (By First Class Mail and Email)
Plaintiff, *pro se*
58 Grand Ave
Middletown, NY 10940
Phone: 646 271-2532
Email: paulyshargani@gmail.com