No.  21 CV 337 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL SHARGANI,

Plaintiff,

-against-

THE CITY OF NEW YORK, and DENNIS
DELANEY,

Defendants.

The motion is denied as procedurally defective
because the discovery requested was not
attached. The Clerk of Court shall terminate
ECF No. 70.

SO ORDERED.

/s/Alvin K. Hellerstein
February 3, 2023

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CITY'S MOTION TO COMPEL**

### HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel of the City of New York*
*Attorney for Defendant City*
*100 Church Street, Room 2-146*
*New York, N.Y.  10007*

*Of Counsel:  Karen K. Rhau*
*Tel:  (212) 356-2475*
*Matter No.:  2021-007415*

Karen K. Rhau,
Bruce Rosenbaum,
  Of Counsel.

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...............................................................................................ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................. 2

ARGUMENT

       POINT I

             DEFENDANT IS ENTITLED TO AN ORDER
             COMPELLING PLAINTIFF TO COMPLY WITH
             DEFENDANT CITY'S DISCOVERY REQUESTS................................. 5

CONCLUSION.................................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**<u>Federal Cases</u>**                                                                                                **<u>Pages</u>**

<u>Genao v. City of New York</u>,
    No. 20 Civ. 6507 (PGG) (SLC),
    2022 U.S. Dist. LEXIS 69447 (S.D.N.Y. Apr. 14, 2022).........................................................5

**<u>Federal Statutes</u>**

42 U.S.C. §§ 2000e, *et seq.*.................................................................................................1

**<u>State Statutes</u>**

State Executive Law §§ 290, *et seq.* ..................................................................................1

**<u>Rules</u>**

Fed. R. Civ. P. 26.............................................................................................................5, 6

Fed. R. Civ. P. 26(a)(1), (3)(A)............................................................................................5

Fed. R. Civ. P. 26(a)(1)(A) ..................................................................................................2

Fed. R. Civ. P. 37(a) ............................................................................................................2

**<u>Regulations</u>**

New York City Administrative Code §§ 8-101, *et seq.* .......................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

PAUL SHARGANI,

                                           Plaintiff,

                                                           No.  21 CV 337 (AKH)

                  -against-

THE CITY OF NEW YORK, and DENNIS DELANEY,

                                           Defendants.
------------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CITY'S MOTION TO COMPEL
DISCOVERY**

**PRELIMINARY STATEMENT**

Plaintiff, formerly employed by the City of New York, and who self-identifies as

an Iranian Jewish man, claims Defendants the City of New York ("City"), and Dennis Delaney[1]

discriminated against him and harassed him during the course of his employment with the New

York City Department of Environmental Protection on the basis on his race, national origin, and

religion in violation of 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), New York State Executive Law

§§ 290, *et seq.* ("SHRL") and New York City Administrative Code §§ 8-101, *et seq.* ("CHRL").

On July 8, 2022, Defendant first served Plaintiff's former counsel with

Defendant's initial disclosures, Defendant's First Combined set of Interrogatories and Document

Requests, and documents listed in Defendant's initial disclosures bate stamped DEF_0001-

DEF_0032.   Defendant City has yet to receive any initial disclosures, responses to its

interrogatories and documents requests, or responsive documents from Plaintiff.  Defendant now

---

[1] Upon information and belief, individually named Defendant Dennis Delaney has still not been
properly served with a copy of the Summons and Complaint in this action.  Accordingly, no
appearance is being made on his behalf at this time.

moves, pursuant to Fed. R. Civ. P. 37(a), to compel the Plaintiff to submit initial disclosures pursuant Fed. R. Civ. P. 26(a)(1)(A), submit responses to Defendant's First Combined Set of Interrogatories and Document Requests, and provide responsive documents pertaining to Defendants First Combined Set of Document Requests by a date certain.  Defendant also seeks an order directing Plaintiff to appear for a deposition by a date certain.

### STATEMENT OF FACTS

Plaintiff identifies as a Jewish man of Iranian descent.  See ECF Dkt. No. 47, ¶ 23.  Plaintiff was employed[2] by Defendant City as a Supervisor for Field Operation with the Department of Environmental Protection ("DEP").  See id. ¶¶ 2, 8.  Plaintiff claims that Defendants discriminated against him and harassed him during the course of his employment with the DEP on the basis on his race, national origin, and religion, for over twenty years.  See id. ¶ 29.  Plaintiff commenced this action January 14, 2021.  See ECF Dkt. No.1.  Defendant moved to dismiss the complaint on July 12, 2021.  See ECF Dkt. Nos. 21-23.  In response, on July 26, 2021, Plaintiff filed his First Amended Complaint.  See ECF Dkt. No. 24.  On October 8, 2021, Defendant moved to dismiss the First Amended Complaint.  See ECF Dkt. Nos. 28-31.  On December 15, 2021, Plaintiff moved for leave to further amend his complaint.  See ECF Dkt. Nos. 36-38.  Defendant opposed Plaintiff's motion.  See ECF Dkt. No. 41.  In an order issued on April 7, 2022, this Court granted in part and denied in part the parties respective motions to dismiss and for leave to amend the complaint.  See ECF Dkt. No. 45.  The Court granted Plaintiff's motion to amend the Complaint a second time with respect to his claims of discrimination and denied with respect to his retaliation claims.  For the same reasons, the Court denied Defendant's motion to dismiss as to Counts I, III, and V and granted it as to Counts II,

---

[2] Upon information and belief, Plaintiff retired from his position with DEP on or about July 30, 2022.

IV, and VI.  The Court ordered that Plaintiff shall file a Second Amended Complaint that excludes his retaliation claims by April 15, 2022.  See id.  Plaintiff successfully filed a Second Amended Complaint on April 18, 2022.  See ECF Dkt. No. 47.  Defendant answered the Second Amended Complaint on May 6, 2022.  See ECF Dkt. No. 48.

On September 30, 2022, this Court granted opposing counsel's motion to withdraw as attorney.  See ECF Dkt. No. 59.  The current fact discovery completion deadline is January 30, 2023.  See ECF Dkt. No. 65.  This case is currently scheduled for a status conference for February 3, 2023 at 10:00 a.m.  See ECF Dkt. No. 66.

Plaintiff's former counsel was served with Defendant City's Initial Disclosures, Interrogatories, and Requests for Production on July 8, 2022.  See Email from former Assistant Corporation Counsel Eugenia Fowlkes to Plaintiff's former counsel, dated July 8, 2022 attached as Exhibit A to the Declaration of Karen K. Rhau in Support of Defendant's Motion to Compel ("Rhau Dec").  Defendant City's production bearing bates stamp numbers DEF_0001-DEF_0032 was also served.  Id.  A follow-up letter and email, both with Defendant City's Initial Disclosures, Interrogatories, Requests for Production, and Defendant City's production was sent to Plaintiff on November 29, 2022.  See Letter to Plaintiff dated November 29, 2022 attached as Exhibit B to the Rhau Dec.  On December 15, 2022, a letter and email requesting Plaintiff's responses and documentation was also sent to Plaintiff.  See Letter to Plaintiff dated December 15, 2022 attached as Exhibit C to the Rhau Dec.  On December 19, 2022, Defendant's counsel called Plaintiff to follow-up regarding his responses and Plaintiff indicated that he has consulted with a firm, specifically Shegerian & Associates, and he had expected an answer as to whether or not they would take his case by January 10, 2023.  Plaintiff had also provided the contact information of this firm to me.

On or about January 10, 2023, Defendant's counsel followed up with Plaintiff to find out whether the firm with which he consulted has decided to take on his case. Plaintiff informed Defendant's counsel that the firm needed additional time and they would contact him at a later date. Around this same time, Plaintiff (through the help of a relative) sent over 400 pages of documents by email to Defendant's counsel but without any written responses to Defendant City's discovery requests and without indicating which document(s) responded to which discovery requests. Defendant's counsel confirmed with Plaintiff that she was in receipt of these documents but he could not confirm with her whether or not they were in response to Defendant's Interrogatories or Requests for Production. The documents were not bate stamped and did not respond to Defendant's interrogatories or document requests. Responsive documents are needed before proceeding with Plaintiff's deposition.

On or about January 19, 2023, Defendant's counsel followed up again with Plaintiff to find out whether he has retained counsel. Plaintiff explained that he is still waiting for an answer from a representative at Shegerian & Associates and he is not speaking with any other firm. Defendant's counsel also informed Plaintiff that the documents that he sent to her were not responsive to Defendant's document requests or interrogatories, and we are still waiting for his responses to Defendant's Interrogatories and Document Requests. Plaintiff indicated that the documents he sent were all he has on the case and expressed some confusion as to how he could respond to Defendant's Interrogatories and Document Requests. Plaintiff has also not provided Defendant with discovery requests, initial disclosures, or interrogatories. On or about the same aforementioned date, Defendant's counsel followed-up with Shegerian & Associates. Defendant's counsel was told by the Director of Operations that they have already informed

Plaintiff of their decision about whether or not they will take his case, and that they do not currently represent him.

Prior to filing the instant motion, on or about January 25, 2023, Defendant's counsel called Plaintiff in a good faith effort to resolve the issues raised by this motion without the intervention of the Court.  Since Defendant's counsel has yet to receive Plaintiff's initial disclosures, responses to interrogatories and documents requests, and responsive documents, after several attempts to obtain them from Plaintiff, Defendant City is now seeking Court intervention.  In Defendant's counsel conversation with Plaintiff on January 25, 2023, he advised that he has provided all that was in his possession and that he is still looking for an attorney to take on his case.  Plaintiff did not express any intention on complying with Defendant's interrogatories or requests for production.

## ARGUMENT

### POINT I

### DEFENDANT IS ENTITLED TO AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH DEFENDANT CITY'S DISCOVERY REQUESTS

Although Plaintiff is now proceeding pro se, he must still comply with his discovery obligations.  See Genao v. City of New York, No. 20 Civ. 6507 (PGG) (SLC), 2022 U.S. Dist. LEXIS 69447, at *10 (S.D.N.Y.  Apr. 14, 2022).  Fed. R. Civ. P. Rule 26 requires parties to exchange an initial disclosure and parties must also provide evidence that they may present at trial.  See Fed. R. Civ. P. Rule 26(a)(1), (3)(A). "A persistent failure to comply with the Court's discovery orders may result in sanctions, up to and including dismissal with prejudice of his claims."  Id.

5

Plaintiff has failed to provide Defendant City with complete responses to its First Interrogatories and Document Requests.  Plaintiff has submitted over 400 pages of documents, none of which correspond to Defendant's document requests first served on or around July 8, 2022, then on November 29, 2022 and December 15, 2022.  Plaintiff has also not responded to Defendants' interrogatories served on the aforementioned dates, or provided his own initial disclosures.  At this time, Defendant City seeks an order from the Court compelling Plaintiff to submit his initial disclosures pursuant to Fed. R. Civ. P. Rule 26, and respond to Defendant's First Interrogatories and Document Requests, and any other remaining discovery that Plaintiff intends to use to prove his case by a date certain.  Defendant also seeks an order advising Plaintiff to appear for a deposition by a date certain and that if he does not comply with the Court's order, his action may be dismissed for failure to prosecute.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant City's motion to compel Plaintiff to comply with his discovery obligations, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              January 27, 2023

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City
                              100 Church Street, Room 2-146
                              New York, New York 10007
                              (212) 356-2475
                              krhau@law.nyc.gov

                        By:      */s/ Karen K. Rhau*
                                 Karen K. Rhau
                                 Assistant Corporation Counsel

Karen K. Rhau,
Bruce Rosenbaum,
   Of Counsel.